# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PUBLICSOURCE *and* WILLIAM HELTZEL,<br><br>    Plaintiffs,<br><br>    v.<br><br>PENNSYLVANIA DEPT OF LABOR AND INDUSTRY,<br><br>    Defendant. | CIVIL ACTION NO. 15-358 |

## OPINION

CONTI, Chief District Judge

### I.     Introduction

This case arises under the Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. §§ 11001-11050. Plaintiffs PublicSource and William Heltzel (together with PublicSource, "plaintiffs") allege they are entitled to certain information, i.e., tier II information, in the possession of defendant the Pennsylvania Department of Labor and Industry (the "Department of L&I"). The Department of L&I in a motion to dismiss (ECF No. 7) argues plaintiffs are not entitled to the tier II information they requested because they failed to request the tier II information in accordance with the requirements set forth in the EPCRA.

Under the EPCRA, plaintiffs may request tier II information from the Department of L&I by going in person to designated locations during normal working hours or via a written request to the Department of L&I, which includes an

identification of a specific facility for which they are requesting that information. Here, plaintiffs submitted a written request to the Department of L&I, but did not identify a specific facility for which they requested tier II information. Because a specific facility must be identified for the Department of L&I to respond to a written request, the court agrees with the Department of L&I that plaintiffs' complaint must be dismissed for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

## II. **Procedural History**

On March 17, 2015, plaintiffs initiated this action by filing a complaint under the EPCRA. (ECF No. 1.) Plaintiffs in the complaint allege that they are entitled under the EPCRA to information in the possession or control of the Department of L&I, i.e., "public records regarding the hazardous chemicals stored at facilities in Pennsylvania." (ECF No. 1 ¶ 1.) Plaintiffs seek from this court:

- a declaration that the Department of L&I violated the EPCRA because it failed to provide plaintiffs with the information they requested from it;

- an injunction ordering the Department of L&I to provide plaintiffs with the information they requested; and

- litigation costs. (ECF No. 1 at 8.)

On May 22, 2015, the Department of L&I filed a motion to dismiss the complaint for failure to state a claim and a brief in support of the motion. (ECF Nos. 7, 8.) On June 12, 2015, plaintiffs filed a response in opposition to the Department of L&I's motion and a brief in support of the response. (ECF Nos. 11, 12.) On June 17, 2015, the Department of L&I with leave of court filed a reply brief. (ECF No. 17.) On July 20, 2015, plaintiffs with leave of court filed a sur-reply brief. (ECF No. 21.)

The Department of L&I's motion to dismiss having been fully briefed is now ripe to be decided by this court.

### III. Factual Allegations as Set forth in the Complaint Viewed as True for the Purposes of Deciding the Motion to Dismiss

On October 23, 2014, plaintiffs submitted a request to the Department of L&I for "all tier II information in the possession of the Department, including both electronic and non-electronic records." (ECF No. 1 ¶ 22.) Plaintiffs included in their request a list of the counties where the facilities are located. (Id. ¶ 23.) The list of counties was the only identifying information known to plaintiffs that could be submitted to the Department of L&I to identify specific facilities that submitted the information plaintiffs are seeking. (Id. ¶ 24.) The Department of L&I did not respond to plaintiffs' request within 45 days. (Id. ¶ 26.)

On December 18, 2014, plaintiffs notified the Department of L&I of their intention to file a lawsuit against the Department of L&I under the EPCRA if the Department of L&I failed to provide them with the information they requested. (Id. ¶ 27.) On December 31, 2014, plaintiffs received a letter from the Department of L&I denying plaintiffs' request in its entirety. (Id. ¶ 28.) The Department of L&I in the letter informed plaintiffs that their request was denied because it was "'neither site specific nor for the preceding calendar year.'" (Id. ¶ 29 (quoting Pls.' Ex. 4).)

On January 9, 2015, plaintiffs received a letter from Pennsylvania's Governor's Office of General Counsel, in which plaintiffs were advised their request was denied because the "'EPCRA only permits viewing of information from the preceding year and requires the request be made with respect to a specific facility.'" (ECF No. 1 ¶¶ 34, 35 (quoting Pls.' Ex. 5).)

According to plaintiffs, the Department of L&I's refusal to provide them the information they requested violates the EPCRA's requirement that the information sought is a matter of public record that must be made available upon request. (Id. ¶ 39.)

IV. **Standard of Review**

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff is likely to prevail on the merits. The court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556–57) (internal citation omitted). Two working

4

principles underlie Twombly. Ashcroft, 556 U.S. at 678. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 679. Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. Id. "[D]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (quoting FED. R. CIV. P. 8(a)(2)).

Federal Rule of Civil Procedure 15 provides: "The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15. Rule 15, however, "does not permit amendment when it would be futile. Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Kenny v. United States, 489 Fed.Appx. 628, 633 (3d Cir.2012) (citing Burtch v. Milberg Factors, Inc., 662 F.3d 212, 231 (3d Cir.2011)). "The standard for deciding whether claims are futile for the purpose of granting leave to amend a complaint is the same as a motion to dismiss." Markert v. PNC Fin. Servs. Group, Inc., 828 F.Supp.2d 765, 771 (E.D.Pa.2011).

## V. Discussion

### A. The EPCRA

The EPCRA "was created to help communities plan for emergencies involving hazardous substances[,]" and requires "hazardous chemical emergency planning" by government and industry and reporting "on the storage, use and releases of hazardous

5

chemicals to federal, state, and local governments." UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, EMERGENCY PLANNING AND COMMUNITY RIGHT-TO-KNOW ACT (EPRCRA), http://www2.epa.gove/epcra (last visited on Aug. 13, 2015). In other words, "[t]he purpose of the EPCRA reporting requirements is to provide citizens with information about environmental hazards in their communities and to allow emergency response agencies to plan for potential environmental emergencies." Don't Waste Ariz., Inc. v. McLane Foods, Inc., 950 F.Supp. 972, 979 (D. Ariz. 1997). "Safety is the goal of the statute. Availability of information to the public is a means to that end." Dep't of Labor and Indus. v. Heltzel, 90 A.3d 823, 830 (Pa. Commw. Ct. 2014).

Pursuant to the EPCRA, 42 U.S.C. § 11022(a)(1):

The owner or operator of any facility which is required to prepare or have available a material safety data sheet for a hazardous chemical under the Occupational Safety and Health Act of 1970 [29 U.S.C.A. § 651 et seq.] and regulations promulgated under that Act shall prepare and submit an emergency and hazardous chemical inventory form (hereafter in this chapter referred to as an "inventory form") to each of the following:

  A. The appropriate local emergency planning committee.

  B. The State emergency response commission.

  C. The fire department with jurisdiction over the facility.

42 U.S.C. § 11022(a)(1). In Pennsylvania, the Department of L&I is the state emergency response commission responsible for receiving inventory forms under the EPCRA. 36 PA. CONS. STAT § 6022-205(b).

An inventory form must contain tier I information. An inventory form containing tier I information "provides State and local officials and the public with information on the **general** types and locations of hazardous chemicals present at [a] facility during the previous calendar year." 40 C.F.R. § 370.41 (emphasis added). Under § 11022(a)(2), on

March 1 of every year, a facility must provide to the entities listed in § 11022(a)(1) tier I information. The inventory form may also contain tier II information, which is the kind of information requested by plaintiffs in this case. Tier II information "provides State and local officials and the public with **specific** information on the amounts and locations of hazardous chemicals present at [a] facility during the previous calendar year." 40 C.F.R. § 370.42 (emphasis added). Under § 11022(e)(1), a facility is required to provide tier II information to the entities listed in § 11022(a)(1) *only upon request* by one of those entities **with respect to a specific facility**.[1]

A member of the general public may request tier II information from the appropriate local emergency planning committee or the State emergency response commission in two ways:

(1) Submit a written request for the tier II information with respect to a specific facility in accordance with § 11022(e)(3)(A); or

(2) Request the information in person "during normal working hours…[at] the location or locations designated by the Administrator, Governor, State emergency response commission, or local emergency planning committee." 42 U.S.C. § 11044(a).

---

[1] Section 11022(e)(1) provides:

(1) Availability to State commissions, local committees, and fire departments

**Upon request by a State emergency planning commission, a local emergency planning committee**, or a fire department with jurisdiction over the facility, the owner or operator of a facility shall provide tier II information, as described in subsection (d) of this section, to the person making the request. **Any such request shall be with respect to a specific facility**.

42 U.S.C. § 11022(e)(1) (emphasis added).

7

The requirements for a written request for tier II information by a member of the general public are set forth in 42 U.S.C. § 11022(e)(3)(A), which provides:

(A) In general

Any person may request a State emergency response commission or local emergency planning committee for tier II information relating to the preceding calendar year with respect to a facility. **Any such request shall be in writing and shall be with respect to a specific facility**.

42 U.S.C. § 11022(e)(3)(A) (emphasis added). A request made for tier II information in writing in accordance with § 11022(e)(3)(A) triggers in some cases[2] an obligation of the

---

[2] Section 11022(e)(3) differentiates between requests for tier II information "with respect to a hazardous chemical which a facility has stored in an amount in excess of 10,000 pounds present at the facility at any time during the preceding calendar year" and requests for tier II information "with respect to a hazardous chemical which a facility has stored in an amount less than 10,000 pounds present at the facility at any time during the preceding calendar year." 42 U.S.C. § 11022(e)(3)(B) and (C) (emphasis added).

Section 11022(e)(3)(B) is entitled "**Automatic** provision of information to public." 42 U.S.C. § 11022(e)(3)(B) (emphasis added). Under that provision, upon request for tier II information not in the possession of a State emergency response commission or local emergency planning committee for "a hazardous chemical which a facility has stored in an amount in excess of 10,000 pounds present at the facility at any time during the preceding calendar year[,]" the State emergency response commission or local emergency planning committee "shall" request that information from the facility specified in the request and upon receipt of the information make that information available to the requesting party. 42 U.S.C. § 11022(e)(3)(B).

Section 11022(e)(3)(A) is entitled "**Discretionary** provision of information to public." 42 U.S.C. § 11022(e)(3)(C) (emphasis added). Under that provision, upon request for tier II information for "a hazardous chemical which a facility has stored in an amount less than 10,000 pounds present at the facility at any time during the preceding calendar year," the requesting party must in its request "include the general need for the information[.]" The State emergency response commission or local emergency planning committee "may" *in its discretion* request the tier II information from the facility

state emergency planning commission or local emergency planning committee to: (1) determine whether it has the requested information in its possession; (2) request from the facility the requested information if the state emergency planning commission or local emergency planning committee does not have the requested information in its possession; and (3) make the requested information available to the requesting party in accordance with § 11044(a), i.e., for the requesting party to review the information at a designated location.

As discussed above, owners or operators of facilities are not automatically required to provide inventory forms containing tier II information to the State emergency response commission or local emergency planning committee; rather, facilities are required to provide inventory forms containing tier II information to the State emergency response commission or local emergency planning committee only upon request for that information by one of those entities and only with respect to a specific facility. 42 U.S.C. § 11022(a)(1). A State emergency response commission or local emergency planning committee may not have in its possession the tier II information with respect to a specific facility requested by a member of the general public. In that case, the State emergency response commission or local emergency planning committee upon written request by a member of the general public for tier II information for that specific facility <u>shall</u> or <u>may</u>—depending upon the amount of

---

specified in the request and make that information available to the requesting party. 42 U.S.C. § 11022(e)(3)(C).

9

hazardous chemical stored by a facility in the preceding year[3]—request the tier II information for the facility specified in the request. 42 U.S.C. § 11022(e)(3)(B).

The State emergency response commission's or local emergency planning committee's obligation with respect to making inventory forms available to members of the general public—whether requested in writing in accordance with § 11022(e)(3)(A) or in person in accordance with § 11044(a)—is set forth in § 11044(a). 42 U.S.C. § 11022(e)(3)(B). Section 11044(a) provides that inventory forms, among other information, "shall be made available to the general public, consistent with section 11042 of this title, during normal working hours at the location or locations designated by the Administrator, Governor, State emergency response commission, or local emergency planning committee, as appropriate." 42 U.S.C. § 11044(a). Section 11044(a) provides:

> (a) Availability to public
>
> Each emergency response plan, material safety data sheet, list described in section 11021(a)(2) of this title, **inventory form**, toxic chemical release form, and followup emergency notice **shall be made available to the general public, consistent with section 11042 of this title, during normal working hours at the location or locations designated by the Administrator, Governor, State emergency response commission, or local emergency planning committee, as appropriate**. Upon request by an owner or operator of a facility subject to the requirements of section 11022 of this title, the State emergency response commission and the appropriate local emergency planning committee shall withhold from disclosure under this section the location of any specific chemical required by section 11022(d)(2) of this title to be contained in an inventory form as tier II information.

42 U.S.C. § 11044(a) (emphasis added). Section 11044(a) does not specify how a member of the general public appearing in person during normal working hours at the

---

3     See supra note 2.

designated location should request tier II information in the possession of the local emergency planning committee or State emergency response commission. Under § 11044(b), the local emergency planning committee, however, must annually publish a notice to the general public about, among other things, the inventory forms it has in its possession and that members of the general public may view that information in accordance with § 11044(a). 42 U.S.C. § 11044(b).[4] An inventory form would contain tier I information, and, if requested by the State emergency response commission or local emergency planning committee, would also contain tier II information.

Section 11022(e)(3)(D) of the EPCRA provides that "[a] State emergency response commission or local emergency planning committee shall respond to a request for tier II information under this paragraph[, i.e., a written request with respect to a specific facility,] no later than 45 days after the date of receipt of the request." A private citizen may file a civil lawsuit against "[a] State Governor or a State emergency response commission for failure to respond to a request for tier II information under section

---

[4] Section 11044(b) provides:

(b) Notice of public availability

Each local emergency planning committee shall annually publish a notice in local newspapers that the emergency response plan, material safety data sheets, and inventory forms have been submitted under this section. The notice shall state that followup emergency notices may subsequently be issued. Such notice shall announce that members of the public who wish to review any such plan, sheet, form, or followup notice may do so at the location designated under subsection (a) of this section.

42 U.S.C. § 11044(b) (emphasis added).

11022(e)(3)…within 120 days after the date of receipt of the request." 42 U.S.C. § 11046(a)(1)(D).

### B. The Plain Language of the EPCRA

In plaintiffs' request for tier II information dated October 23, 2014, they requested "all tier II information in the possession of [the Department of L&I]." (ECF No. 1-4 at 3.) Plaintiffs did not identify a specific facility for which they sought tier II information; rather, plaintiffs listed sixty-seven counties in the letter and requested tier II information for all facilities located in those sixty-seven counties. (Id. at 3-4.) According to the Department of L&I, the complaint in this case must be dismissed because plaintiffs' written request for tier II information, i.e., a letter dated October 23, 2014, did not comply with § 11022(e)(3)(A), and, therefore, plaintiffs are not entitled to the relief they seek in the complaint. Specifically, the Department of L&I argues plaintiffs' request was deficient because it did not identify a specific facility for which they seek tier II information or request tier II information limited to the preceding year. (ECF No. 8 at 6-7.)

Plaintiffs argue that a request for tier II information that is in the Department of L&I's possession is not required to be facility specific, pursuant to 42 U.S.C. §§ 11022(e)(3)(B) and 11044. (ECF No. 12 at 3.) According to plaintiffs, §§ 11022(e)(3)(B) and 11044 "d[o] not stipulate that a request for tier II information that already is in the Department's possession must be site-specific and limited to information from the preceding calendar year[,]" and "unambiguously provide that tier II information already in the Department's possession must be made available to members of the public upon request." (ECF No. 12 at 4.)

The court's analysis of the EPCRA and the parties' arguments must begin with the statute's plain language. In re Visteon Corp., 612 F.3d 210, 219-20 (3d Cir. 2010) (citing Hourly Employees/Retirees of Debtor v. Erie Forge & Steel Inc., 418 F.3d 270, 276 (2d Cir. 2005)). "When statutory language is plain and unambiguous, 'the sole function of the courts ... is to enforce it according to its terms.'" In re Visteon, 612 F.3d at 220 (quoting Lamie v. United States Trustee, 540 U.S. 526, 534 (2004)). "Courts may look behind a statute only when the plain meaning produces 'a result that is not just unwise but is clearly absurd.'" In re Visteon, 612 F.3d at 220 (quoting United States v. Terlingo, 327 F.3d 216, 221 (3d Cir. 2003)). "'[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.'" In re Visteon, 612 F.3d at 220 (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992)).

As discussed above, the plain language of the EPCRA provides that a member of the general public may request tier II information from an entity such as the Department of L&I by: (1) submitting a written request for the information for a specific facility, pursuant to § 11022(e)(3)(A); or (2) requesting the information in person during normal working hours at a location designated by the Department of L&I, pursuant to § 11044(a). If a member of the general public submits a written request to the Department of L&I, the request must comply with § 11022(e)(3)(A), which requires the request to be in writing and with respect to a specific facility for the preceding year. The requesting party must specify a facility for which they seek tier II information so the Department of L&I can determine, among other things,[5] whether: (1) it has the information in its

---

[5] Section 11042, entitled Trade Secrets, provides:

possession or it must request the information from the specific facility; and (2) the facility within the preceding year has stored a hazardous chemical in excess of 10,000 pounds, i.e., whether the Department of L&I has discretion to deny the request under 42 U.S.C. § 11022(e)(3)(C). Here, based upon the allegations in the complaint, which the court must accept as true, plaintiffs submitted to the Department of L&I a written request for tier II information; accordingly, the written request was required—pursuant to the plain language of § 11022(e)(1)—to be with respect to a specific facility.[6]

Plaintiffs' arguments that under §§ 11022(e)(3)(B) and 11044 they were not required to specify a facility are unavailing. Section 11022(e)(3)(B) provides:

> With regard to a hazardous chemical, an extremely hazardous substance, or a toxic chemical, any person required under section 11003(d)(2), 11003(d)(3), 11021, 11022, or 11023 of this title to submit information to any other person may withhold from such submittal the specific chemical identity (including the chemical name and other specific identification), as defined in regulations prescribed by the Administrator under subsection (c) of this section, if the person complies with paragraph (2).

42 U.S.C. § 11042(a)(1)(A). Identifying a specific facility in the written request allows the Department of L&I to determine whether the specific facility may withhold trade secret information, i.e., the "specific chemical identity (including the chemical name and other specific identification)," under § 11042.

---

[6] The Department of L&I argues that plaintiffs are not entitled to the tier II information because in their request they did not (1) specify a facility, and (2) limit their request to tier II information from the preceding year. Section 11022(e)(3)(A) provides that "[a]ny such request shall be in writing and shall be with respect to a specific facility." 42 U.S.C. § 11022(e)(3)(A). The same section provides that any person may request tier II information for the preceding year; it does not provide that the request must be limited to the preceding year. The court's holding in this case is, therefore, limited to plaintiffs' failure to request information for a specific facility. Because plaintiffs are not entitled to the relief they seek based upon that failure alone, the court will not address whether the failure to limit the request to the preceding year warrants dismissal of the complaint in this case.

14

> (B) Automatic provision of information to public
>
> Any tier II information which a State emergency response commission or local emergency planning committee has in its possession shall be made available to a person making a request under this paragraph in accordance with section 11044 of this title. If the State emergency response commission or local emergency planning committee does not have the tier II information in its possession, upon a request for tier II information the State emergency response commission or local emergency planning committee shall, pursuant to paragraph (1), request the facility owner or operator for tier II information with respect to a hazardous chemical which a facility has stored in an amount in excess of 10,000 pounds present at the facility at any time during the preceding calendar year and make such information available in accordance with section 11044 of this title to the person making the request.

42 U.S.C. § 11022(e)(3)(B). The pertinent paragraph of § 11044 provides:

> Each emergency response plan, material safety data sheet, list described in section 11021(a)(2) of this title, inventory form, toxic chemical release form, and followup emergency notice shall be made available to the general public, consistent with section 11042 of this title, during normal working hours at the location or locations designated by the Administrator, Governor, State emergency response commission, or local emergency planning committee, as appropriate. Upon request by an owner or operator of a facility subject to the requirements of section 11022 of this title, the State emergency response commission and the appropriate local emergency planning committee shall withhold from disclosure under this section the location of any specific chemical required by section 11022(d)(2) of this title to be contained in an inventory form as tier II information.

42 U.S.C. § 11044(a). Under §§ 11022(e)(3)(B) and 11044, when a member of the general public appears during normal working hours at a designated location and requests tier II information in the possession of the State emergency response commission or local emergency planning committee, the State emergency response commission or local emergency planning committee is required to make that information available to the requesting party. Plaintiffs in this case—according to the factual allegations in the complaint—did not appear during normal working hours at a designated location to

request tier II information in the possession of the Department of L&I; rather, plaintiffs made a written request to the Department of L&I. In that submission, plaintiffs needed to make the request with respect to a specific facility. If plaintiffs do not want to identify a specific facility and want to view tier II information in the possession of the Department of L&I, they may go to a designated location and review that information. Even if plaintiffs had requested tier II information for a specific facility from the Department of L&I in writing in accordance with § 11022(e)(3)(A) they must—after the information is in the possession of the Department of L&I—still go in person to a designated location to review the requested information. 42 U.S.C. §§ 11022(e)(3)(B) and 11044(a).

Based upon the foregoing, plaintiffs' written request for tier II information from the Department of L&I did not satisfy the requirements set forth by the EPCRA, 42 U.S.C. § 11022(e)(3)(A). Plaintiffs—as a matter of law—are not, therefore, entitled to the relief they seek in the complaint, i.e., a declaration that the Department of L&I violated the EPCRA, an injunction ordering the Department of L&I to provide plaintiffs with the information they requested, and litigation costs. (ECF No. 1 at 8.)

### C. The Parties' Prior Lawsuit in the Commonwealth Court of Pennsylvania

The court's analysis of the EPCRA is supported by a decision of the Commonwealth Court of Pennsylvania in Department of Labor and Industry v. Heltzel, A.3d 823 (Pa. Commw. Ct. 2014), which appears to be the only other court to consider whether under the EPCRA a written request by a member of the general public for tier II information must be facility specific. The decision in Heltzel arose from a dispute between the parties in this case, i.e., PublicSource, William Heltzel, and the Department

of L&I, about plaintiffs' previous request for tier II information from the Department of L&I. Plaintiffs previously requested tier II information with a request similar to the letter dated October 23, 2014. In the prior request, however, plaintiffs did not list the sixty-seven counties set forth in the October 23, 2014, request, and made the previous request under Pennsylvania's Right-to-Know Law ("RTKL"), 65 PA. CONS. STAT. § 67.101, et seq., rather than the EPCRA.

The Department of L&I denied plaintiffs' prior request because it determined the records plaintiffs requested were protected by exceptions set forth in the RTKL related to safety and physical security, 65 PA. CONS. STAT. § 67.708(b). Heltzel, 90 A.3d at 825. Upon a challenge to that determination by plaintiffs, the Office of Open Records ("OOR") determined that the Department of L&I was required to provide plaintiffs the records they requested because the records were considered "public" under the EPCRA. The OOR did not, therefore, apply the exceptions set forth in the RTKL. Id. The Department of L&I appealed the decision of the OOR arguing: (1) plaintiffs' "request did not meet the criteria established in EPCRA as preconditions for access;" (2) the "OOR lacked jurisdiction to apply EPCRA;" and (3) the OOR "erred in failing to apply the RTKL exceptions to protect the records." Id. at 826. With respect to the second and third arguments raised by the Department of L&I, the commonwealth court held the OOR had jurisdiction to apply the EPCRA, but "erred in concluding EPCRA qualified as a federal statute that established the public nature of Tier II information[.]" Id. at 829, 832. The court held the OOR should have considered the RTKL exceptions to determine whether the Department of L&I was required to provide the tier II information to

plaintiffs. Id. The court remanded the case to the OOR for it to determine whether the RTKL exceptions applied to the tier II information requested by plaintiffs. Id.

With respect to the Department of L&I's first argument, i.e., plaintiffs' "request did not meet the criteria established in EPCRA as preconditions for access," the court agreed with the Department of L&I. The court explained:

> [Plaintiffs] failed to meet the criteria established by EPCRA for accessing Tier II information. Most notably, the Request did not specify a facility. In removing this criterion and holding the entirety of the Tier II Database was subject to disclosure in digital format, contrary to Section 3101.1 of the RTKL, OOR erred.

Heltzel, 90 A.3d at 833. The court in Hetzel cited to § 11022(e)(3)(B), a provision that plaintiffs rely upon in this case, but did not reach the conclusion plaintiffs ask the court to reach, i.e., plaintiffs are entitled to tier II information even though their written request for tier II information dated October 23, 2014 was not facility specific.

Based upon this court's analysis, which is supported by Heltzel, plaintiffs are not entitled to the relief they seek in the complaint under the EPCRA. Their written request for tier II information under 42 U.S.C. § 11022(e)(3)(A) did not comply with the provisions of the EPCRA requiring them to specify a facility for which they seek to obtain tier II information. The Department of L&I's motion to dismiss will, therefore, be granted.[7]

## VI. Conclusion

---

[7] The Department of L&I argues plaintiffs' complaint is barred by the doctrine of res judicata based upon the Commonwealth Court of Pennsylvania's decision in Heltzel. The court need not address that argument in light of its holding that based upon the plain language of 42 U.S.C. § 11022(e)(3)(A), plaintiffs are not entitled to the relief they request in the complaint.

For the reasons stated herein, the motion to dismiss (ECF No. 7) filed by the Department of L&I will be GRANTED and the complaint (ECF No. 1) DISMISSED with PREJUDICE.

Plaintiffs will not be given leave to amend their complaint under Federal Rule of Civil Procedure 15. The court cannot discern any conceivable factual basis for a possible amendment given the law discussed in this opinion and the specificity of the allegations set forth in the complaint.

An appropriate order will be entered.

BY THE COURT,

Dated: August 19, 2015

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief District Judge